# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua Staples, | Civ. No. 18-3449 (DSD/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Kathy Halvorsen and Tom Roy, | |
| Defendants. | |

This matter is before the Court on Joshua Staples's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 10 (IFP Application)) and Emergency Motion for Injunctive Relief (Doc. No. 8 (Emergency Motion)).

**IT IS HEREBY ORDERED** that:

1. The IFP Application (Doc. No. 10) is **GRANTED**.

2. Staples's first application to proceed *in forma pauperis* (IFP) (Doc. No. 2) is **DENIED** as moot.

3. The Clerk of Court shall refund to Staples $50.00 of the $400.00 that he has previously paid to the Court. The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). In May 2013, the district courts began assessing an additional $50.00 administrative fee, raising the total fee to $400.00. But under the Prison Litigation Reform Act, prisoners proceeding *in forma pauperis*

(IFP) need only pay the statutory filing fee. *Id.* § 1915(b)(3). Staples was thus only required to pay $350.00, not $400.00.[1]

4. The Court will not entertain the Emergency Motion (Doc. No. 8) at this time. The Emergency Motion apparently seeks a temporary restraining order (TRO). *See* Emergency Mot. 4 (seeking immediate imposition of injunctive relief until Defendants make showing in support of current corrections policy). Under Federal Rule of Civil Procedure 65(b)(1)(B), a court may issue a TRO without notice to defendants only if a plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Review of the record reveals no such certification, making a TRO inappropriate. The Court will address the Emergency Motion after Defendants have had an opportunity to respond to it.

5. It is unclear whether Staples seeks to sue Defendants in their individual capacities, official capacities, or both. This decision will affect both the relief to which Staples may be entitled for his § 1983 claim as well as the manner in which service of

---

[1] No further refund is needed. Staples qualifies for IFP status, but prisoners granted IFP status are not excused from paying the court filing fee altogether; instead, they are (generally) merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *See, e.g.*, *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (citing *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997)). Under 28 U.S.C. § 1915(b)(1), prisoners granted IFP status must pay an initial partial filing fee of "20 percent of the greater of . . . (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ." *See also id.* § 1915(b)(3) (capping needed payment at amount of statutory case-filing fee). The average monthly balance in Staples's account has been more than $10,500, *see* IFP Appl. 6 (certificate of authorized prison official), and 20 percent of that figure exceeds $350.00, so his initial partial filing fee just is the full filing fee.

process is effected in this matter. Staples must therefore submit a one-page addendum specifying the capacity or capacities in which he is suing Defendants for purposes of any § 1983 claim, failing which this Court will construe such claims as raising only official-capacity claims. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). Staples must submit this addendum within 14 days, failing which this case will proceed (and service will be effected) as though he had raised only official-capacity claims. Given Staples's Emergency Motion, the Court strongly recommends that Staples submit this addendum as soon as possible to expedite the process of effecting service on Defendants.

Dated: February 28, 2019

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge