UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joshua Staples,                                    Civ. No. 18-3449 (DSD/BRT)

      Plaintiff,

v.                                                 **REPORT AND RECOMMENDATION**

Kathy Halvorson, Warden of MCF-Faribault, and
Tom Roy, Commissioner of Corrections,[1]

      Defendants.

---

Joshua Staples, 44517 Fleming Logging Road, Hinckley, MN 55037, *pro se* Plaintiff.

Rachel Bell-Munger, Esq., Assistant Attorney General, counsel for Defendants.

---

BECKY R. THORSON, United States Magistrate Judge.

*Pro se* Plaintiff Joshua Staples alleges that Defendants violated his First Amendment right to freely exercise his religion when they suspended Native American religious services at the Minnesota Correctional Facility in Faribault, Minnesota ("MCF-Faribault"). (Doc. No. 1.) Now before the Court are two motions filed by Plaintiff requesting temporary or preliminary injunctive relief. (Doc. Nos. 3, 8.)[2] Plaintiff is no

---

[1] Paul Schnell is now the Commissioner of Corrections. Pursuant to Federal Rule of Civil Procedure 25(d), Schnell should be substituted for Roy for purposes of Plaintiff's official capacity claims. Roy should remain a Defendant in this action to the extent that Plaintiff may be pursuing individual-capacity damages claims.

[2] Plaintiff's Motion at Document Number 3 is unlabeled, but it seeks an order directing Defendants to "work with Tribal Nations" to develop policies and programs that "meet the needs of American Indian offenders." (Doc. No. 3 at 3.) This Court construes this motion as also seeking preliminary injunctive relief.

longer incarcerated, however, so his request for injunctive relief is moot. Therefore, this Court recommends that Plaintiff's motions be denied.

I.     **Background**

MCF-Faribault provides group religious programming or activities for offenders practicing Native American faiths. (Doc. No. 21, Affidavit of Martin Dahlen ("Dahlen Aff.") ¶ 3.) This programming includes a sweat lodge ceremony, a pipe and smudge ceremony, and a drum ceremony, which are typically scheduled to occur on different days during the week or within a month. (Doc. No. 24, Affidavit of Anthony Mustazza ("Mustazza Aff.") ¶ 5.)³ MCF-Faribault has an outdoor programming area for Native American religious programming. (*Id.*) The pipe and smudge ceremony and sweat lodge ceremony generally occur outdoors in this area, and the drum ceremony generally occurs indoors. (*Id.*)

MCF-Faribault went into lockdown status from August 28 to August 29, 2018, after staff obtained information about a threatened assault on the staff. (Doc. No. 25, Affidavit of Laura Westphal ("Westphal Aff.") ¶ 6.) During lockdowns, offender movements are limited, regular offender activities can be temporarily discontinued, and the facility is essentially in a heightened security status. (*Id.* ¶ 6, Ex. B.) Native American group religious programming was also suspended, and the suspension was explained in a memorandum dated August 31, 2018. (*Id.* ¶¶ 5–7, Ex. C.) The suspension extended to Native American group religious activities—drumming, pipe and smudge, and sweat

---

³      Anthony Mustazza is the Religious Coordinator/Chaplain at MCF-Faribault. (Mustazza Aff. ¶ 1.)

lodge ceremonies—with an exception for an activity for an offender with a death in the family. (*Id.* ¶ 6; Mustazza Aff. ¶ 6.) MCF-Faribault ended the suspension and reinstated group Native American religious programming in early October 2018. (Westphal Aff. ¶ 8; Dahlen Aff. ¶ 4.)

Native American programming was suspended again on February 1, 2019, due to security issues involving offender assaults and possible threats, including an offender assault occurring in the sweat lodge. (Dahlen Aff. ¶¶ 5–8, Ex. A; Mustazza Aff. ¶ 6.) A memorandum from staff explained the suspension, which involved the drum, pipe and smudge, and sweat lodge ceremonies, with the exception for offenders with a death in the family. (Dahlen Aff. ¶ 7, Ex. A; Mustazza Aff. ¶ 6.) MCF-Faribault reviewed the programming and decided to change the preregistration process and to have smaller religious group activities. (Dahlen Aff. ¶ 8; Mustazza Aff. ¶ 9.) The Native American religious group programming resumed on or around March 18, 2019, and the first sweat lodge ceremony after the suspension occurred on or about April 7, 2019. (Dahlen Aff. ¶ 9; Mustazza Aff. ¶9.)

Pursuant to DOC policy, religious groups in DOC prisons may also request and be provided with an annual religious meal. (Westphal Aff. ¶ 9; Mustazza Aff. ¶¶ 3, 10.) The DOC's Central Office issued a memorandum dated November 6, 2017, which explained some changes to the annual religious meal practices. (Mustazza Aff. ¶ 10, Ex. C.) While annual religious meals are still provided to religious groups, the menu became more standardized across the DOC facilities. (*Id.*) The memorandum described budgetary, uniformity, and equity-related concerns and issues. (*Id.*) At MCF-Faribault, the Native

3

American religious group's annual religious meal in 2018 was scheduled to occur around June 2018, but the group canceled or postponed the meal shortly before the scheduled date. (Mustazza Aff. ¶ 11.) The meal was not rescheduled, and Chaplain Mustazza has not received a request to schedule a 2019 religious meal. (*Id.*)

On April 30, 2019, Plaintiff was released from MCF-Faribault and placed on supervision. (Westphal Aff. ¶ 10.)

**II.     Analysis**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). When deciding whether to issue a preliminary injunction, courts consider four factors: (1) the threat of irreparable harm to the movant; (2) the balance of harm the injunction would have on the movant and the opposing party; (3) the probability that movant will succeed on the merits; and (4) the public interest. *MPAY Inc. v. Erie Custom Computer Applications, Inc.*, Civ. No. 19-704 (PAM/BRT), 2019 WL 2099843, at *3 (D. Minn. May 14, 2019) (citing *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)). No factor is dispositive, but "the absence of a likelihood of success on the merits strongly suggests that preliminary injunctive relief should be denied." *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013).

"In general, a pending claim for injunctive relief becomes moot when the challenged conduct ceases and there is no reasonable expectation that the wrong will be repeated." *Mo. Pro. and Advocacy Servs., Inc. v. Carnahan*, 499 F.3d 803, 811 (8th Cir. 2007). Plaintiff is no longer subject to the restrictions regarding Native American

religious services that were in place while he was incarcerated at MCF-Faribault because Plaintiff is no longer incarcerated at MCF-Faribault. *See, e.g.*, *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (holding that claim for injunctive relief to improve prison conditions became moot once the offender was transferred to another facility); *Hickman v. Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998) (finding that a claim to change prison conditions is moot when the plaintiff is released from prison). Therefore, Plaintiff is not entitled to injunctive relief because his claims are moot.

One possible exception to the mootness doctrine is the "capable of repetition yet evading review" exception. This exception applies if "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999). Plaintiff was released on supervision, and he could conceivably return to prison if he violates the conditions of his release, but such an event is too speculative to find a reasonable expectation Plaintiff will again be subject any restrictions on Native American religious practices at MCF-Faribault. *See Hickman*, 144 F.3d at 1143–44 (recognizing mootness when resumption of challenged conduct could only occur if plaintiff violates parole conditions).

Plaintiff's claims are moot, and none of the exceptions to mootness, including the capable of repetition yet evading review exception, are applicable. Therefore, Plaintiff's motion for injunctive relief should be denied.[4]

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Paul Schnell be substituted for Tom Roy as a Defendant in this action for purposes of Plaintiff's claims for injunctive relief;

2. Plaintiff's Motion for Order (Doc. No. 3) be **DENIED**; and

3. Plaintiff's Motion for Preliminary Injunction Relief (Doc. No. 8) be **DENIED**.


Date: May 28, 2019                                *s/ Becky R. Thorson*_____
                                                  BECKY R. THORSON
                                                  United States Magistrate Judge

---

[4] Plaintiff is also not likely to succeed on the merits of his claims because he did not exhaust his administrative remedies. 42 U.S.C. § 1997e(a); *Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir. 2001). Plaintiff filed a grievance at the facility level related to the fall 2018 suspension of religious activities and the Native American annual religious meal, but he did not appeal to the DOC's Central Office. (Doc. No. 22, Affidavit of Kim Ebeling ("Ebeling Aff.") ¶ 6, Ex. B.) Plaintiff did not file a grievance regarding the February 1, 2019 suspension. (*Id.* ¶¶ 5–6.)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen (14) days**. A party may respond to those objections within **fourteen (14) days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).